IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| EMMETT L. WILLIAMS, | * | |
| Plaintiff, | * | |
| vs. | * | |
| BROOKS TRUCKING COMPANY INC. OF MEMPHIS, CANAL INSURANCE COMPANY, RICHARD A. MARCHETTI, JUDGE WILLIAM C. RUMER, BROWN & ADAMS, LLC, CLAYTON M. ADAMS, AUSTIN & SPARKS, P.C., JOHN T. SPARKS, SR., NALL & MILLER, LLP, MARK D. LEFKOW, | * * * * * * | CASE NO. 4:17-CV-58 (CDL) |
| Defendants. | * | |

O R D E R

This case arises from a September 17, 2004 automobile collision between Plaintiff Emmett Williams and an employee of Defendant Brooks Trucking Company Inc. of Memphis ("Brooks Trucking"). Williams filed a state court personal injury action against Brooks Trucking and lost at trial ("personal injury action"). He claims that the loss was the result of Brooks Trucking's attorney, Defendant Richard Marchetti, having unlawful contact with the jury.[1] Proceeding *pro se*, Williams brought a state court action based on Marchetti's conduct ("state court constitutional action"). Williams lost that case.

---

[1] Defendants have notified the Court and parties that Marchetti passed away on March 27, 2017. ECF No. 5.

Still *pro se*, Williams now claims in this Court that all of the attorneys, parties, and the superior court judge involved in his state court actions violated his rights. Defendants move to dismiss or, alternatively, for summary judgment. For the reasons discussed below, the Court finds that all Defendants are entitled to dismissal and grants their motions (ECF Nos. 4, 13, 15, & 24). There is therefore no need to address some Defendants' alternative arguments for summary judgment. Williams also filed a motion indicating that he intends to obtain counsel. To the extent that Williams asks the Court to defer ruling on Defendants' motions until he does so, the Court denies that motion (ECF No. 49).

STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.* at 556.

FACTUAL BACKGROUND

Williams does not dispute the authenticity of several state court documents offered by Defendants in support of their motions. Considering these documents and accepting Williams's factual allegations as true, the record reveals the following. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed . . . mean[ing] that the authenticity of the document is not challenged.").

**I. Personal Injury Action**

On September 17, 2004, an employee of Defendant Brooks Trucking hit another car into Williams's vehicle. Brooks Trucking's Mot. to Dismiss Ex. 1, Compl. in SU-06-CV-2981-8 ¶¶ 5 & 6, ECF No. 15-3. Williams sued for damages in Muscogee County Superior Court, and the case proceeded to trial before Defendant Judge William Rumer. Defendant Marchetti represented Brooks Trucking at trial. Williams claims that during a lunch break on Saturday, October 13, 2012, Marchetti had contact with two jurors. The jury returned a verdict in favor of Brooks Trucking later that day.

Williams moved for a new trial based on Marchetti's alleged contact with the jurors. Judge Rumer held an evidentiary

3

hearing where Marchetti testified that he went to the bailiff's office for about fifteen minutes during the lunch break on October 13 to watch an Auburn/Old Miss football game. Marchetti *et al.*'s Mot. to Dismiss Ex. 8, Pl.'s Notice of Intent to Seek Cert. Ex. C, Marchetti Testimony 111:1-8, ECF No. 4-10 at 9. Apparently, in doing so, Marchetti walked by or through the jury room. Marchetti testified that he did not have contact with any of the jurors because the jurors were still at lunch. *Id*. at 111:9-112:9, ECF No. 4-10 at 9-10. Judge Rumer denied Williams's motion for new trial. Brooks Trucking's Mot. to Dismiss Ex. 11, Order Den. Mot. for New Trial in SU-11-CV-2752-05, ECF No. 15-13. Williams appealed, and the Georgia Court of Appeals dismissed the appeal due to Williams's failure to pay the filing fee. Brooks Trucking's Mot. to Dismiss Ex. 13, Order Dismissing Appeal in A14A1332, ECF No. 15-15.

## II. State Court Constitutional Action

On August 4, 2013, Williams sued Marchetti, Brooks Trucking, and Canal Insurance Company, claiming that Marchetti violated his constitutional rights by tampering with the jury verdict in the personal injury action and lying about it under oath.[2] Brooks Trucking's Mot. to Dismiss Ex. 14, Compl. in SU-15-CV-2322-05, ECF No. 15-16. On October 27, 2015, Judge Rumer

---

[2] Presumably, Canal Insurance was Brooks Trucking's insurer. Williams's original complaint in the state court constitutional action did not include Canal Insurance as a defendant, but he purported to amend his complaint to add this party.

4

granted Marchetti's, Brooks Trucking's, and Canal Insurance's motions to dismiss or, alternatively, for summary judgment. Brooks Trucking's Mot. to Dismiss Ex. 22, Order Granting Defs.' Respective Mots. to Dismiss/Mots. for Summ. J., ECF No. 15-24. Williams appealed and the Georgia Court of Appeals affirmed. Brooks Trucking's Mot. to Dismiss Ex. 27, Order in No. A16A1793, ECF No. 15-29. Williams moved for reconsideration, which the court denied. Brooks Trucking's Mot. to Dismiss Ex. 36, Order Den. Mot. for Reconsideration in A16A1793, ECF No. 15-38. Williams appears to have indicated intent to seek certiorari from the United States Supreme Court, but it is unclear if he did. Brooks Trucking's Mot. to Dismiss Ex. 37, Notice of Intent to Seek Cert. 5, ECF No. 15-39. On March 10, 2017, Williams filed the present action in this Court.

DISCUSSION

Williams purports to assert claims for due process violations, discrimination under Title VII, violations of the Thirteenth Amendment to the United States Constitution, extortion, mail fraud, and racketeering. It is unclear what conduct Williams believes violates Title VII's prohibition of employment discrimination or the Thirteenth Amendment's prohibition of slavery, and the Court finds both of these provisions inapplicable to the facts of this case. Williams's claims of extortion and racketeering appear to be based on him

5

paying a filing fee and other costs associated with the state court constitutional action. *See* Pl.'s Resp. 4, ECF No. 33. Williams's claims for mail fraud appear to be based on Defendants serving Williams with documents throughout that litigation. *See* Pl.'s Suppl. Resp. Ex. F, Mail Fraud, ECF No. 44. None of this conduct violates the law. The Court finds that Williams's claims are best characterized as 42 U.S.C. § 1983 claims for violations of the due process clause of the Fourteenth Amendment to the United States Constitution.

**I. Claims Against Judge Rumer**

Williams claims that Judge Rumer violated his due process rights by denying his motion for new trial in the personal injury action and ruling against him in the state court constitutional action. He asks for injunctive relief from the judgments and damages for the constitutional violations. The Court has no authority to hear these claims. "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Goodman ex rel Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc)). The doctrine extends to "claims that are 'inextricably intertwined' with the state court judgment" as long as the plaintiff had a reasonable opportunity to raise these claims in the state court.

6

*Id.* at 1332 (quoting *Siegel*, 234 F.3d at 1172). "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* (quoting *Siegel*, 234 F.3d at 1172).

Here, the Georgia Court of Appeals affirmed Judge Rumer's rulings and it does not appear that Williams sought review at the Georgia Supreme Court. Thus, Judge Rumer's rulings are final state court judgments that this Court cannot overturn. *See Wilson v. Selma Water Works and Sewer Bd.*, 522 F. App'x 634, 635 (11th Cir. 2013) (per curiam) (recognizing that the state court judgment was final when the state supreme court denied certiorari). *Rooker-Feldman* also extends to Williams's claims for damages based on Judge Rumer's rulings. Finding that Judge Rumer acted unconstitutionally in ruling against Williams would require this Court to determine that Judge Rumer wrongly decided the issues before him. And Williams could have asserted that Judge Rumer acted unconstitutionally in his state court appeal. Thus, the Court does not appear to have jurisdiction over any of Williams's claims against Judge Rumer. *See Goodman*, 259 F.3d at 1333 ("The *Rooker-Feldman* doctrine is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available in the state court.").

Williams characterizes his claims against Judge Rumer as a "rebuttal" lawsuit, *see* Compl. 19, ECF No. 1, indicating that he essentially seeks to appeal the state court judgments in this Court. *See Lindsay v. Adoption by Shepherd Care, Inc.*, 551 F. App'x 528, 529 (11th Cir. 2014) (per curiam) ("[Plaintiff]'s continued insistence that his federal case is actually an 'appeal' of the state court parental rights termination proceeding makes clear this is the type of case precluded by the *Rooker-Feldman* doctrine."). But due to Williams's *pro se* status, his claims are not entirely clear. Thus, the Court further finds that to the extent that Williams alleges any claims against Judge Rumer that are not barred by *Rooker-Feldman*, Judge Rumer would be entitled to judicial immunity.

Judges are immune from suit for actions taken within their judicial capacity unless the judge acts in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)). Judge Rumer was acting in his judicial capacity during all of his interactions with Williams. *See Wilson v. Bush*, 196 F. App'x 796, 798-99 (11th Cir. 2006) (per curiam) (recognizing that a judge acts in his judicial capacity when performing functions normally performed by a judge). And Williams does not establish that Judge Rumer acted without subject matter jurisdiction over his claims. *See id*. at 799 ("A judge does not act in the 'clear

absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but rather only when he acts without subject-matter jurisdiction."). Accordingly, the Court grants Judge Rumer's motion to dismiss.[3]

## II. Claims Against Other Defendants

Williams also sues Defendants Brown & Adams, LLC, Clayton Adams, Austin & Sparks, P.C., John Sparks, Sr., Nall & Miller, LLP, and Mark Lefkow, as well as Marchetti, Brooks Trucking and Canal Insurance, asserting that Marchetti violated his constitutional rights by tampering with the jury and lying about it under oath. The new Defendants are attorneys and law firms who represented parties adverse to Williams in the personal injury action and/or state court constitutional action. Williams does not allege any specific facts regarding these Defendants. Rather, Williams's claims against the new Defendants appear to be based on Marchetti allegedly tampering with the jury and lying about it under oath. This is the same conduct that Williams complained of in his state court constitutional action. Thus, Williams's claims are likely barred by res judicata. *See Caswell v. Caswell*, 290 S.E.2d 171, 172 (Ga. Ct. App. 1982) (holding that res judicata applied even

---

[3] Williams also appears to ask that this Court order Judge Rumer to "resurrect" Williams's state law personal injury action based on new medical evidence regarding Williams's damages. Compl. 19. The Court is without jurisdiction to order Judge Rumer to reopen a final state court judgment for the reasons stated above.

9

though three new defendants were added because these defendants' liability was predicated on the same misconduct alleged in the original action); *see also Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011) (noting that a district court applies Georgia's law of res judicata to determine whether a Georgia state court judgment has preclusive effect).

But Defendants do not raise a res judicata defense in their motions, and therefore, the Court addresses alternative grounds for dismissal. *See* Fed. R. Civ. P. 8(c)(1) (listing res judicata as an affirmative defense). To state a claim under § 1983, Williams must allege that Defendants acted "under color of state law." *See Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981) (noting that this is a jurisdictional requirement). The actions of a private party do not satisfy this requirement unless the private party is "clothed with the authority of state law." *Id*. at 317 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Marchetti's conduct as a private attorney is not attributable to the state. *Id*. at 318-19 (emphasizing that even a public defender fulfills a private function when representing a client). And Williams fails to allege any connection between the state and the other private Defendants. Thus, Williams fails to allege that any Defendants acted under color of law for purposes of § 1983. Accordingly, the Court grants Defendants' motions to dismiss.

CONCLUSION

For the reasons stated above, the Court grants all of Defendants' motions (ECF Nos. 4, 13, 15, & 24). The Court denies Williams's motion for leave to retain counsel (ECF No. 49).

IT IS SO ORDERED, this 5th day of June, 2017.

S/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA